Anderson, J.,
delivered the opinion of the court.
The final decree in this cause was made and entered in vacation, and we are met at the threshold with the question, is it valid and binding?
The court is unanimously of opinion that the Circuit courts, and not the judges thereof, are invested with jurisdiction to try causes, and pronounce decrees therein ; and that the judges have no jurisdiction to perform any judicial function in vacation, except where the power is expressly conferred, as to grant injunctions and appeals, to hear motions to dissolve injunctions, to direct accounts, and to perform such other functions as are expressly authorized by law. And no power being conferred by statute, when the decree in this cause was entered, to pronounce and enter decrees in vacation, and consent of parties or their counsel not giving jurisdiction, the court is of opinion that the order made in the cause, directing the decree to be made and entered in-vacation, was erroneous; and that the supposed final decree made and entered in pursuance of such order, is not the decree of the court. The court is therefore of' opinion, without deciding any other question in the cause, that the said order must be set aside, and the decree entered in vacation in pursuance thereof must be-reversed and annulled; and that the cause be remanded to the Circuit court of Clarke county, for further proceedings to be had therein.
The decree was as follows:
The court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, without deciding the other questions in this *801 cause, is of opinion, for reasons stated in writing and filed with the record, that the decree of the 9th of June 1871, whereby it was in effect ordered, by consent of counsel, that the cause should be heard in vacation, and the order or decree of the court to be entered in vacation as the decree of the court, is erroneous; and that the decree made in pursuance of said order, and directed to be entered of record in vacation, to have the effect of a decree of the last term of said court, not having been afterwards confirmed or recognized as its decree, by any subsequent action of said court, is null and void. It is therefore considered by the court, that the said decree and order of the 9th day of June 1871 be reversed and annulled; that the said order or decree entered in vacation as of the last term of the court, be rescinded and annulled; that the cause be remanded to the Circuit court of Clarke county, for further proceedings to he had therein; and that the appellee, Louisa A. G-laize, pay to the appellants their costs by them expended in the prosecution of their appeal here: Which is ordered to be certified to the said Circuit court of Clarke county.
Decree reversed.